# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 18-1482V
UNPUBLISHED

| | |
|---|---|
| MARY RIVIERE,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: November 8, 2019<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Causation-In-Fact; Pneumococcal<br>Conjugate Vaccine; Cellulitis |

*Shealene Priscilla Mancuso, Muller Brazil, LLP, Dresher, PA,* for petitioner.

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC,* for respondent.

## RULING ON ENTITLEMENT[1]

　　On September 26, 2018, Mary Riviere filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered cellulitis, sepsis injuries and left extremity injuries caused in fact by the administration of the pneumococcal conjugate vaccine she received on November 3, 2016. Petition at 1, ¶¶ 2, 14. Petitioner further alleges that she received the influenza vaccination in the United States, that she suffered the residual effects of her injuries for more than six months, and that neither she nor any other party has filed a civil action or received compensation for her injuries, alleged as vaccine caused. Petition at ¶¶ 2, 14-16. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] I intend to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 8, 2019, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent "[has] concluded that a preponderance of the medical evidence establishes that petitioner's left upper extremity cellulitis was caused-in-fact by the pneumococcal vaccine she received on November 3, 2016." *Id.* at 4. Respondent further agrees that "based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master