# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-1482V
UNPUBLISHED

| | |
|---|---|
| MARY RIVIERE,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 13, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Pneumococcal Conjugate Vaccine;<br>Cellulitis |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for petitioner.

*Mark Kim Hellie*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On September 26, 2018, Mary Riviere filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered cellulitis, sepsis injuries, and left extremity injuries caused in fact by the administration of the pneumococcal conjugate vaccine she received on November 3, 2016. Petition at 1, ¶¶ 2, 14. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 8, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her cellulitis. On April 13, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $55,000.00, representing compensation for her pain and suffering. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.*

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

   Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $55,000.00, representing compensation for Petitioner's pain and suffering, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

   The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                     **s/Brian H. Corcoran**
                                                     Brian H. Corcoran
                                                     Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MARY RIVIERE,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                Respondent. | Case No. 18-1482V (ECF)<br>CHIEF SPECIAL MASTER<br>CORCORAN |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On September 26, 2018, petitioner filed a petition seeking compensation under the Vaccine Act for cellulitis/sepsis in her upper left arm that she claimed occurred following a pneumococcal conjugate ("pneumococcal") vaccine administered on November 3, 2016. On November 8, 2019, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. Thereafter, on December 27, 2019, the Special Master issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation under the Vaccine Act.

### I.      Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $55,000.00, for pain and suffering. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.     Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1] a lump sum of $55,000.00 in the form of a check payable to petitioner.  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

DATED:  April 13, 2020

                    s/ *Mark K. Hellie*
                    MARK K. HELLIE
                    Trial Attorney
                    Torts Branch, Civil Division
                    U.S. Department of Justice
                    P.O. Box 146, Benjamin Franklin Station
                    Washington, D.C. 20044-0146
                    T: (202) 616-4208
                    E: mark.hellie@usdoj.gov